# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 24-1685V**

Filed: May 12, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *  *
                                                 *
RACHEL AVILES,                                   *
                                                 *
                        Petitioner,              *
                                                 *
v.                                               *
                                                 *
SECRETARY OF HEALTH AND                          *
HUMAN SERVICES,                                  *
                                                 *
                        Respondent.              *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * *  *
```

*Joseph Pepper*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Kristen Bonjour*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

**Shah**, Special Master:

On October 18, 2024, Rachel Aviles ("Petitioner" or "Ms. Aviles") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). On January 6, 2026, Petitioner filed an Amended Petition alleging she developed chronic arthritis as a result of the measles,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

mumps, and rubella ("MMR") vaccination she received on October 26, 2021.  Am. Pet. (ECF No. 23) at 1, 12; Resp't's Rep. (ECF No. 30) at 1.

On May 12, 2026, Respondent filed his Rule 4(c) Report in which he conceded that Petitioner is entitled to compensation in this case.  Resp't's Rep. at 1, 7.  Specifically, Respondent stated:

> It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation, which afford petitioner a presumption of causation if the onset for chronic arthritis occurs between seven and forty-two days after a MMR vaccination, and there is not preponderant evidence of a factor unrelated. 42 C.F.R. § 100.3(a)(IV)(A), (c)(5). With respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the MMR vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration.  *See* 42 C.F.R. §§ 300aa-11(c)(1)(B)(i)(I)-11(c)(1)(D)(i).

*Id*. at 7.  Respondent noted that the scope of damages should be "limited to petitioner's chronic arthritis and its related sequelae only."  *Id*. at 8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**  A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

2